```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

DANIEL WÄLCHLI,

             *Defendant.*

**PROTECTIVE ORDER**

20 Cr. 497 (GHW)

    Upon the application of the United States of America and the defendant Daniel Wälchli (the "Defendant") having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and pursuant to Title 26, United States Code, Section 6103(h)(4)(D) and Title 26, United States Code, Section 6105(a), and in due consideration of the congressional policy favoring the confidentiality of tax returns and return information, as well as tax convention information, as set forth in Title 26, hereby finds and orders as follows:

    1. **Disclosure Material and Sensitive Information.**  The Government will make disclosure to the Defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."

    2. **Sensitive Information.**  The Government's Disclosure Material may include the following information ("Sensitive Information"): information that (i) affects the privacy and confidentiality of individuals and entities, or concerns sensitive business interests; (ii) will impede the Government's investigation or prosecution if prematurely disclosed; (iii) is not authorized to



be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; or (iv) the broad disclosure of which would pose safety risks to individuals. Such information includes, but is not limited to, tax return and return information (as defined in 26 U.S.C. § 6103), tax treaty and convention information (as defined in 26 U.S.C. § 6105), and sensitive personal information (including but not limited to, names, social security numbers, dates of birth, private telephone numbers, personal addresses, or other private information). The Government shall clearly identify any Disclosure Material designated as Sensitive Information at the time of production. Nothing in this Protective Order shall be interpreted as an agreement by the Defendant that material designated by the Government pursuant to this paragraph is properly designated Sensitive Information.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government expeditiously to produce Disclosure Material and Sensitive Information without further litigation or the need for substantial redactions. It will also afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the Protective Order set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

5. The term "Defense Counsel," as used in this Protective Order, means the full-time, part-time, and contract employees of Morvillo Abramowitz Grand Iason & Anello P.C., any co-counsel based in Switzerland, any successor counsel, expert witnesses, investigators, or advisors who are engaged by Defense Counsel in connection with this case, and any agent or litigation support vendor working at the direction of Defense Counsel. Prior to the disclosure of any

Disclosure Materials to any successor counsel, expert witnesses, investigators, or advisors who are engaged by Defense Counsel in connection with this case, or any agent or litigation support vendor working at the direction of Defense Counsel, such persons shall be provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms.

6. Disclosure Material shall not be disclosed by the Defendant or by Defense Counsel other than as set forth herein, and shall be used solely for purposes of defending this action and pursuing any related appeals. To the extent Disclosure Material is shown or provided to additional persons consistent with the terms set forth below, those additional persons may use the documents only for the purposes of this criminal case, including any appeals.

7. The Defendant and Defense Counsel may distribute Disclosure Material, excluding Sensitive Information, to the following persons:

   a. potential witnesses (including potential expert witnesses) or their counsel in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case, provided that beforehand such potential witnesses and their counsel are provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms; and

   b. such other persons as hereafter may be authorized by the Court upon motion by the Defendant, upon such terms as the Court may determine.

8. Disclosure Material, excluding Sensitive Information, additionally may be disclosed (but not distributed) to participants in a focus group or mock jury or similar exercise who have acknowledged in writing their agreement not to use the Disclosure Material for any purpose other than such exercise, and who shall not be permitted to retain any copies of the Disclosure Material.



9. The Defendant and Defense Counsel may disclose (but not distribute) Sensitive Information to the following persons:

   a. potential witnesses (including potential expert witnesses) or their counsel in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case, provided that beforehand such potential witnesses and their counsel are provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms; and

   b. such other persons as hereafter may be authorized by the Court upon motion by the Defendant, upon such terms as the Court may determine.

10. All persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order.  To the extent Disclosure Material is disclosed pursuant to this Protective Order, Defense Counsel shall first provide each person(s) receiving such material with a copy of this Order and instruct such person(s) that they are bound by the terms of this Order. Defense Counsel shall maintain a record of what Disclosure Material (including Sensitive Information) has been disclosed or distributed pursuant to this Protective Order.  Defense Counsel shall maintain copies of the written acknowledgements of persons and entities to whom Disclosure Material was disclosed or distributed, which shall be in the form appended to this Protective Order, and such acknowledgements need not be disclosed or provided to the Government unless ordered by the Court.

11. The Defendant, Defense Counsel, and any other individual to whom Disclosure Material was disclosed or distributed shall not post any Disclosure Material on any Internet site or network site to which persons other than Defense Counsel (as defined in paragraph 5) have access,

and shall not disclose any Disclosure Material to the media or any third party, except as set forth herein. Subject to the restrictions applicable to Sensitive Information set forth herein, this provision shall not prevent the filing of Disclosure Material for purposes of any judicial proceeding.

12. Notwithstanding the foregoing, Defense Counsel may disclose or distribute all Disclosure Material, including any copies thereof or excerpts therefrom, to the Defendant. Defense Counsel shall instruct the Defendant that he is bound by the terms of this Protective Order. The Defendant shall maintain all Disclosure Material, including Sensitive Information, and any copies thereof or excerpts therefrom, in a safe and secure manner.

13. The Defendant and Defense Counsel shall provide a copy of this Order to all persons to whom they show or provide copies of Disclosure Material, including Sensitive Information. All such persons shall be subject to the terms of this Order, and shall sign an acknowledgment that they agree to be bound by its terms, before disclosed documents are made available for their review. Violations of the terms of this Order may be punishable by a sanction deemed appropriate by the Court.

14. Unless authorized in writing by the Government or by an order of this Court, no Sensitive Information, or information derived therefrom, shall be filed publicly whether excerpted within a filing or as an attachment to a filing. Any filings incorporating, containing, or referencing Sensitive Information shall be redacted and/or filed under seal. All Sensitive Information shall be maintained by Defense Counsel in a safe and secure manner.

15. In the event of any dispute as to the Government's designation of particular Disclosure Material as Sensitive Information, including any assertion that designation of particular material

as Sensitive Information will materially impede Defense Counsel's efforts to prepare a defense, the parties shall meet and confer regarding such dispute, without prejudice to Defense Counsel's ability to seek de-designation of such material by the Court.

16. The Government may authorize, in writing, disclosure of Disclosure Material, including Sensitive Information, beyond that which is otherwise permitted by this Protective Order without further order of this Court.

17. The terms of this Protective Order shall not apply to documents or information obtained by the Defendant from a source other than the Disclosure Material. To the extent that the Disclosure Material contains documents or other materials that are also publicly available (without fault of the Defendant), nothing in this Protective Order shall restrict the use of such publicly available documents or other materials.

18. This Protective Order does not prevent the disclosure of any Disclosure Material, including Sensitive Information, in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action. All public filings shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

### *Return or Destruction of Disclosure Material*

19. Except for Disclosure Material that has been made part of the record of this case, the Defendant and Defense Counsel shall return to the Government, or securely destroy or delete, all Disclosure Material within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This

requirement shall not apply to any portions of Disclosure Material that may be incorporated into any attorney work product; if such material is maintained, it shall be maintained consistent with the terms of this Protective Order.

### *Retention of Jurisdiction*

20. The provisions of this Protective Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Protective Order until the Court orders otherwise.

21. This Protective Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Protective Order.

**SO ORDERED:**

Dated: New York, New York
      April 13, 2022

                                                THE HONORABLE GREGORY H. WOODS
                                                United States District Judge
                                                Southern District of New York

**AGREED AND CONSENTED TO:**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____                Date: ___04/12/2022___
Olga I. Zverovich
Assistant United States Attorney

Nanette L. Davis
Special Assistant United States Attorney

By: _____                Date: ___4/12/2022___
Jeremy Temkin, Esq.
Richard F. Albert, Esq.
A. Dennis Dillon, Esquire
Katherine Drooyan, Esquire

Counsel for Defendant Daniel Wälchli

By: _____                Date: ___12.4.2022___
Daniel Wälchli
Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>DANIEL WÄLCHLI,<br><br>       *Defendant.* | **ACKNOWLEDGEMENT<br>PURSUANT TO<br>PROTECTIVE ORDER**<br><br>20 Cr. 497 (GHW) |

  I, _____, acknowledge that I have read the Protective Order dated _____, 2022 governing discovery material produced in the above-captioned case ("Protective Order"), enclosed herewith. I confirm that I agree to be bound by the terms of the Protective Order, including all restrictions on use and disclosure of such material, and will comply with those terms.

_____
Name:

Date: