MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
─────
WRITER'S CONTACT INFORMATION

jtemkin@maglaw.com
ralbert@maglaw.com
(212) 856-9600

SENIOR COUNSEL
PAUL R. GRAND
─────
COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
─────
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

August 26, 2022

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    <u>United States v. Ivo Bechtiger, et al.</u>, 20 Cr. 497 (GHW)

Dear Judge Woods:

Pursuant to your Honor's direction at the August 17, 2022 status conference in the above-captioned matter, we have consulted with counsel for the government regarding a proposed schedule for pretrial submissions in advance of the June 5, 2023 trial date. While the parties have reached substantial agreement regarding a proposed schedule, as set forth below, we have been unable to reach agreement on a schedule for exchanging witness lists, witness statements, impeachment materials, exhibit lists, and exhibits.

Subject to your Honor's approval, the parties have agreed on the following deadlines:

- On or before March 1, 2023, the parties shall exchange expert witness materials and the government shall provide Rule 404(b) disclosures to defense counsel.

- On or before April 3, 2023, the parties shall file any motions *in limine*, and counsel for the government shall provide a draft of its request to charge to defense counsel.

- On or before April 17, 2023, each party shall respond to any motions *in limine* filed by the other party, and defense counsel shall provide counsel for the government with comments regarding the government's proposed request to charge.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Gregory H. Woods
August 26, 2022
Page 2

- On or before April 24, 2023, each party shall submit reply papers in further support of their motions *in limine*, and the parties will submit a consolidated request to charge to the Court.

- On or before May 15, 2023, the parties shall submit proposed *voir dire* questions and verdict forms to the Court.

- On May 22, 2023, or another date set by the Court, the parties shall appear for a final pre-trial conference.

- On or before June 2, 2023, the parties shall exchange hard-copy exhibit binders.

- On or before June 5, 2023, the parties shall submit hard-copy exhibit binders to the Court.

As noted above, the parties could not reach an agreement regarding deadlines for the disclosure of witness lists, witness statements, impeachment materials, exhibit lists, and exhibits. Because the exchange of such materials may affect the parties' motions *in limine*, defense counsel propose that:

- On or before March 6, 2023, counsel for the government shall produce (1) a list of witnesses it intends to call in its case in chief; (2) any statements of such witnesses as defined in 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2; (3) any impeachment material relating to such witnesses; and (4) an exhibit list and copies of the exhibits it intends to offer in its case-in-chief (but not documents it intends to use for impeachment purposes in the cross-examination of defense witnesses, the redirect examination of government witnesses, or in any rebuttal case) in the form in which such exhibits will be offered at trial.

- On or before March 20, 2023, defense counsel shall produce (1) a list of the defendant's intended trial witnesses; (2) any statements of such witnesses as defined in Fed. R. Crim. P. 26.2; and (3) an exhibit list and copies of the exhibits the defendant intends to offer in his case-in-chief (but not documents he intends to use for impeachment purposes in the cross-examination of government witnesses or in the redirect examination of defense witnesses) in the form in which such exhibits will be offered at trial.

By contrast, the Government proposes that the parties exchange electronic exhibits, exhibit lists, witness lists, witness statements, and impeachment materials on or before May 15, 2023, three weeks before the trial date. The Government respectfully submits that its proposed schedule—under which the parties would exchange electronic exhibits, exhibit lists, witness lists, witness statements, and impeachment materials on or before May 15, 2023, *i.e.* three weeks before the trial date—is reasonable and consistent with the general practice in this courthouse. By contrast, the defense's request that the Government produce these materials

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Gregory H. Woods
August 26, 2022
Page 3

*three* months before trial is extraordinary and unwarranted, especially given that the defense in some instances, *e.g.,* the pretrial production of Jencks material and witness lists, is not even entitled by law to such a production. The Government further submits that there is nothing unusual about a schedule that provides for the production of trial exhibits after motions *in limine* are briefed. The Government will select its exhibits from the materials that have been produced to the defense in discovery long before the *in limine* briefing dates. The Government also previously made an early production of most of the witness statements in this case. To the extent that the defense wants to challenge any of the Government's evidence or potential witnesses, it will have an opportunity to do so *in limine* based on the Government's previous discovery productions. The defense does not need the Government's trial exhibits—much less its witness list, or Section 3500 material—in order to file motions *in limine*. To the extent that the defense has any additional motions or applications after the Government produces its exhibits and other materials, the parties and the Court can timely address them in advance of trial. Should the Court be inclined to set a production date in advance of the Government's proposed May 15th deadline, the Government requests that the parties be afforded the opportunity to fully brief these important issues, on the same schedule as the rest of the pretrial motions.

Defense counsel respectfully submit that our proposed schedule will enable us to file motions *in limine* addressed to the government's likely trial evidence on a schedule that will allow the motions to be fully submitted four weeks before the final pretrial conference. The government's proposal that we predicate *in limine* motions on the discovery and witness statements produced to date is inefficient and unworkable. The government has produced almost 24,000 documents containing over 171,000 pages and witness statements for approximately twenty individuals. Having informed the Court that it anticipates presenting its case-in-chief in two weeks, the government clearly does not intend to offer all of the documents produced in discovery or to call all of the witnesses for whom it produced witness statements. It is simply not feasible for defense counsel to frame meaningful motions *in limine* on the full scope of discovery, and any motions that are the product of such an effort will result in the Court devoting scarce resources to motions that will ultimately be moot to the extent the government does not actually intend to offer the documents or call the witnesses at issue. Moreover, because the government did not produce any witness statements or impeachment materials for, at minimum, the individual we anticipate will be its principal cooperating witness at trial, the government's proposal will likely necessitate additional motions *in limine* on the eve of trial.

Defense counsel further submit that requiring the government to produce its witness lists, witness statements, impeachment materials, exhibit lists, and exhibits two weeks before defense counsel (a) is consistent with the government's burden of proof and the sequence in which evidence is presented at trial; (b) reflects the fact that the evidence that the defendant will present at trial will turn on the evidence that the government proposes to introduce at trial; and (c) will avoid duplication of efforts to the extent the parties' exhibits overlap.

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Gregory H. Woods
August 26, 2022
Page 4

 Finally, even putting aside the Court's directive to the parties that *in limine* motions be fully submitted four weeks before the final pretrial conference, defense counsel believe a deadline of only three weeks before the start of trial for the government to produce witness statements and impeachment material is insufficient and inappropriate in a case of this complexity, where witnesses and documents are expected to be located overseas, documents may well be in a foreign language, and there is no issue of danger to any witnesses.  Notwithstanding that the government has already produced some witness statements in discovery, the circumstances of this case have much in common with cases where courts have directed the government to disclose witness statements and impeachment material far longer in advance of trial, and the government agreed to do so.  *See, e.g., United States v. Cioffi,* 08 Cr. 415 (E.D.N.Y. Apr. 3, 2009) (in complex securities fraud case, ordering government to produce witness statements and impeachment material approximately four months before trial); *United States v. Coplan*, No. 07 Cr. 453 (SHS) (S.D.N.Y. June 4, 2008) (in complex tax shelter fraud trial, government entered stipulation requiring it to produce witness statements and impeachment material six weeks before trial).

 Of course, if your Honor wishes, we are prepared to address the scheduling of the disclosure of exhibits, exhibit lists, witness lists, witness statements, and impeachment materials with our substantive motions to be filed on September 30, 2022, or on another schedule to be fixed by the Court.

 Thank you in advance for your attention to this letter.

               Respectfully submitted,

               /s/ *Jeremy H. Temkin*
               Jeremy H. Temkin
               Richard F. Albert

cc: AUSA Olga Zverovich (by ECF)
   SAUSA Nanette Davis (by ECF)
   Christopher Magnani, Esq. (by ECF)